DAUKSCH, Judge.
This is an appeal from a sentence in a criminal case. Appellant raises two grounds for appeal. The first ground involves whether the trial court properly followed the requirements of section 39.059(7)(c), Florida Statutes (1991).
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts;
b. Prior periods of probation or community control;
c. Prior adjudications that the child committed a delinquent act or violation of law; and
d. Prior commitments to institutions.
Appellee says appellant waived his right to be sentenced with the protections offered under this section. We find no record support for that contention. Although his lawyer uses some legalese which seems to lead one to the conclusion that was what the lawyer intended, it is not clear at all that appellant knowingly waived his individual rights. The lawyer said:
The agreed upon disposition in this ease is that a PDR and PSI would be ordered; that the court has agreed at a bench conference to sentence Mr. Ruff as a youthful offender in four of these cases, and he would be sentenced as an adult on the one case with probation and with a suspended DOC sentence. There is no agreement as to which case that would be, however.
As to the second ground for appeal, appellee concedes the trial judge erred in imposing a departure sentence without giving written reasons therefor. As we said in Guerra v. State, 623 So.2d 610, 611 (Fla. 5th DCA 1993), and appellant reminds us in his brief, “It has become axiomatic under Florida sentencing law that a court may not depart from the guidelines without providing timely filed written reasons.” This problem is compounded by the lack of a written sentence. Although the trial judge imposed a ten-year sentence and then “suspended” it, orally, there is nothing in the record on appeal to commemorate the occasion.
The sentence, such as it is, is vacated and this cause remanded for proceedings consistent herewith.
SENTENCE VACATED; REMANDED.
HARRIS, C.J., concurs.
GRIFFIN, J., concurs specially with opinion.